[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
After trial by jury petitioner was convicted of one count of murder in violation of Connecticut General Statutes Section 53a-54a and a sentence of life (sixty years) was imposed.
The evidence indicated that petitioner shot his wife in the head causing her death. He claimed that the shooting was accidental. The jury found that it was with intent to cause his wife's death.
In arguing for a reduction in sentence petitioner's attorney stressed that the trial was emotionally charged and at the time of sentencing the judge found that there were no mitigating factors affecting the sentence while in fact a number of significant mitigating factors did exist. For example it was pointed out that after the shooting petitioner I called 911 summoning an ambulance and the police; both petitioner and the victim were intoxicated at the time of the killing; petitioner had a minimal criminal record and a good work record. It was claimed by ignoring these mitigating factors and concentrating on sending a message about spousal abuse a disproportionately harsh sentence was imposed.
Counsel also pointed out that the sentence imposed exceeded the state's recommendation for fifty years.
In speaking on his own behalf petitioner stressed the remorse which he has for causing his wife's death. CT Page 3592
The Assistant State's Attorney argued that the sentence should not be modified. He pointed out that the victim had been subject to physical and mental abuse and that at the time of her death the victim's body had bruises from such abuse.
At the time of sentencing petitioner was a thirty one year old alcoholic with three misdemeanor convictions. He had abused his wife both physiologically and physically and then when she was contemplating leaving him he killed her. The victim lost her life and her child was forever deprived of its mother.
Considering the enormity of the crime, the aggravating factor involved, the effect on the victims and the fact that petitioner refused to accept responsibility for the intentional act, it cannot be found that the sentence imposed was inappropriate or disproportionate. In light of the factors contained in the Practice Book Section 942 the sentence should not be modified.
The sentence is affirmed.
PURTILL, J.
STANLEY, J.
NORKO, J.
Purtill, J., Norko, J., and Stanley, J. participated in this decision.